UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANCHAZ DEMOND HAROLD                           CIVIL ACTION

VERSUS                                          NUMBER: 10-01067

DANIEL EDWARD, ET AL.                           SECTION: "R"(5)


**REPORT AND RECOMMENDATION**

　　This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Sanchaz Demond Harold, against defendants, Tangipahoa Parish Sheriff Daniel Edwards and Warden Dennis Wheat of the Tangipahoa Parish Jail ("TPJ"). Plaintiff, an inmate of TPJ at the time that suit was filed, complained of the adequacy of the medical care, food, and the supervision of inmates at that facility. (Rec. doc. 5).

　　After issue was joined, the Court issued its standard Briefing Order directing plaintiff to file in the record of this proceeding, on or before September 7, 2010, a statement of the facts expected to be proven at trial, a list of documents to be offered as

exhibits, and a list of intended witnesses. (Rec. doc. 10). The copy of the Briefing Order that was mailed to plaintiff at his address of record was subsequently returned to the Court with a notation that plaintiff was no longer housed at TPJ. (Rec. doc. 11). It has now been over thirty days since that piece of mail was returned to the Court as undeliverable. The Court's Briefing Order remains unsatisfied.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, ____, U.S. ____, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. 2008)(Barbier, J.); Batiste v. Gusman, 2007 WL 1852026 (E.D. La. 2007)(Barbier, J.). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent

2

upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."[1]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the seventh page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 5, p. 7). Plaintiff has also failed to provide the Court with the information requested in the briefing order. The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, these failures are attributable

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

to him alone.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 21st day of September, 2010.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE